UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ERICK RAFAEL HERNANDEZ-
QUEVEDO,

       Petitioner,

v.                                                                          No. 1:26-CV-00107-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

       Respondent.

## ORDER

Before the Court is Petitioner Erick Rafael Hernandez-Quevedo's pro se emergency

motion requesting expedited review, a temporary restraining order to prevent his transfer,

and a stay of removal pending resolution of this habeas action. Dkt. No. 4. As explained

below, the motion is denied.

### 1.    Legal Standards

It is well established that a district court has inherent power to control its docket.

*United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court

to choose the order in which to hear and decide pending matters. *Marinechance Shipping,*

*Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional

right to the disposition of a habeas motion within a specific time. *See United States v.*

*Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## 2.     Analysis and Conclusion

Petitioner seeks expedited review of his habeas petition, a temporary restraining order to prevent his transfer, and a stay of removal pending resolution of this habeas action. Dkt. No. 4. He asserts that has been detained pending asylum proceedings since February 3, 2026. *Id.* He states that he has had no opportunity to be heard or to have his documentation meaningfully considered prior to being taken into custody. And he contends that "immediate and irreparable injury will occur before Respondents can be heard in opposition," and complains that he remains confined "without an individualized determination justifying his confinement," and "faces the risk of transfer that could frustrate the Court's jurisdiction and meaningful review of his habeas claims." *Id.* at 7. But Petitioner does not assert that removal has been ordered.

First, Petitioner seeks relief on an emergency basis in each of his motions, but he has not met the requirements for emergency relief. He did not include a declaration under penalty of perjury, nor did he allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving Respondent the opportunity to be heard.

Petitioner has not shown good cause for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's request to expedite is denied.

Next, Petitioner's concern about preserving the Court's jurisdiction is unfounded. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, to the extent Petitioner seeks an order preventing his transfer from this Court's jurisdiction, the request is denied as unnecessary.

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

In his request for a TRO, Petitioner seeks a declaration that his detention violates the due process clause of the Fifth Amendment which, presumably, should result in immediate release from custody. Petitioner complains that his ongoing detention is causing personal strain by separating him from his child and risking the loss of employment. *See* Dkt. No. 4 at 6. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the ultimate relief he seeks in his petition is also immediate release from custody. *See* Dkt. No. 1 at 9.

Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied. Dkt. No. 4.

Finally, the Court denies Petitioner's motion for stay of removal. First, the Court finds that Petitioner has not met the required elements for a TRO. Petitioner has not alleged that his removal is imminent, and the Court takes judicial notice of the public information available on the U.S. Department of Justice Executive Office for Immigration Review (EOIR)'s online automated case information system which indicates that Petitioner's master hearing is not scheduled until March 24, 2026.[2] Alternatively, and in any event, the Court lacks jurisdiction to grant a stay of removal. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The court therefore denies the motion for stay.

This habeas petition remains pending and will be considered in due course once briefing is complete.

So ordered on March 12, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Marc. 10, 2026); *see also* Fed. R. Evid. 201(b).